IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HALL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00394-KD-N |
| | ) | |
| MD JOHN PATRICK COUCH, | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cynthia Hall, proceeding *pro se*, initiated this action on July 26, 2016, by filing a complaint with the Court. (Doc. 1). Three days later, upon *sua sponte* review, the undersigned Magistrate Judge ordered Hall to file, no later than August 22, 2016, "an amended complaint that … includ[es] 'a short and plain statement of the grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient factual allegations demonstrating those grounds." (Doc. 4).[1] To date, Hall has not filed amended complaint as ordered.

As the undersigned previously explained to Hall (*see* Doc. 4),

> [w]hen a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).[2]

Hall's Complaint (Doc. 1) does not contain, as it must, "a short and plain

---

[2]

> Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any reasonably apparent from the face of the Complaint (Doc. 1). The allegations in the Complaint, which asserts only a state law claim for medical malpractice, do not support jurisdiction under either "a specific statutory grant" or "federal question jurisdiction pursuant to 28 U.S.C. § 1331." Under § 1332(a), a district court has subject matter jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)** citizens of different States;

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* at 1269 (citation and quotations omitted). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Additionally, "[i]n order to invoke a federal court's

diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Hall does not allege her own citizenship or that of the Defendant, John Patrick Couch, nor does she allege that the amount in controversy exceeds $75,000 exclusive of interests and costs.

Because "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and because "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly[,]" *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984), the undersigned provided Hall with a reasonable opportunity to cure her failure to sufficiently allege a basis for subject matter jurisdiction. (*See* Doc. 4). Hall was also expressly warned that "[t]he failure to do so will result in entry by the undersigned of a recommendation of dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.') …" (*Id.*). Despite being given this opportunity, Hall has not attempted to amend her complaint to sufficiently allege subject matter jurisdiction.

Because Hall has not alleged facts that, if true, show federal subject matter jurisdiction over this case exists, and because she has failed to timely cure this deficiency, this Court is without power to do anything and must dismiss this action. *See Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 12(h)(3). Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction,

and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[3]

As explained below, Hall has the right to file objections to this recommendation within fourteen (14) days of being served with it. No later than this same deadline, and in lieu of filing objections, Hall may, and is hereby granted leave to, file an amended complaint that fully complies with the undersigned's previous Order dated July 29, 2016 (Doc.4). The Clerk of Court is **DIRECTED** to send a copy of that Order (Doc. 4) to Hall along with a copy of this Report and Recommendation.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may

---

[3] Under S.D. Ala. GenLR 72(b), this civil action has been assigned to the undersigned Magistrate Judge to "[s]upervis[e] and determin[e] all pretrial proceedings" and to "make reports and recommendations" to the District Judge on dispositive matters. *See* S.D. Ala. GenLR 72(a)(2)(S).

review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 7th day of September 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**